## HAWAIIAN STAR NEWSPAPER ASSOCIATION, Limited *v.* H. B. SAYLOR.

### ERROR TO THE CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 28, 1899.          DECIDED MAY 31, 1898.

### JUDD, C.J., FREAR AND WHITING, JJ.

Verdicts by nine out of twelve jurors as permitted by Hawaiian statutes may be received n civil cases notwithstanding the seventh amendment to the Constitution of the United States. The reasoning in *Republic v. Edwards, ante* p. 55, followed.

#### OPINION OF THE COURT BY FREAR, J.

The defendant in error who was plaintiff below recovered a verdict against the plaintiff in error, defendant below, for $500, two jurors dissenting. The error assigned is in substance that the verdict, upon which judgment was entered, was contrary to

the seventh amendment to the Constitution of the United States, which it is contended required the verdict to be unanimous. Upon the reasoning in the case of *Republic v. Edwards*, just decided, *ante* p. 55, we must hold that there was no error in receiving the verdict and entering judgment upon it. The only difference between the two cases is that this is a civil case and that a criminal case, and that they therefore raise questions as to different provisions of the Constitution of the United States. But this does not affect the result.

Defendant in error moved to dismiss the writ for want of a sufficient bond as required by Civ. L., Sec. 1450. Plaintiff in error relied on a bond filed under Civ. L. Secs. 1458-1460, contending that these Sections superseded Sec. 1450. It is unnecessary to express an opinion upon this point, in view of our opinion upon the other point involved.

The verdict must stand.

*Kinney, Ballou & McClanahan* for plaintiff in error.

*W. A. Henshall* for defendant in error.